The action was on a fire insurance policy issued to plaintiff in error, who was plaintiff below, defendant in error being defendant below.
The facts disclose that plaintiff was the owner of the property insured; that a fire destroyed the same; and that she took certain steps required in the policy to prove her loss, namely.: no *247 tice, proof of loss, and certificate of nearest notary. It was claimed that defendant, through its adjuster, refused to furnish blanks for proof of loss, mentioning, however, stores where blanks could be bought, and also stating that “In this case we will do nothing;” also, “These proofs will do you no good.-” Later, on June 10, 1901, the company, through its adjuster, served a written notice on the insured to appear at a certain time stated, before J. Louis Kohl, a notary public, at 1201 Union Trust Building, Cincinnati, Ohio, for the purpose of' submitting to an examination under oath, and, in the same notice she is requested to produce all her books of account, bills, or certified copies if originals were lost. Plaintiff responded to the notice at the time stated. An attorney, J. H. Cabell, undertook to examine her. On the advice of her attorney, who was present, she refused to answer, although it was made known to plaintiff -that Mr. Cabell was the attorney acting for the company and this information was given by the adjuster vwho was present; it appearing, also, that the attorney for thé' plaintiff had been notified in writing, by the home office, that this same adjuster was acting for the company and had the entire matter in his hands. Subsequently, on June 29th, plaintiff’s attorney wrote to this company that no payments had been made, as required by the' policy, within the sixty ¡day limit, and that no objections had been made to the proofs of loss as required, and that, unless he heard from defendant on receipt of this letter, he would begin an action under the policy. The company’s attorney immediately wrote him that the company could not admit or deny liability as long as the assured refused to submit to an examination under oath, or refused to furnish accounts, bills, etc. Thereupon plaintiff filed her petition, alleging complimice with the terms of the policy. The answer denies compliance, and alleges that she failed to submit to an examination as required by the policy. Verdict wias had for the defendant.
’ Plaintiff in error brings these proceedings to reverse the proceedings below. And it is claimed that the court erred in instructing the jury that the burden of proof was on the plaintiff to show that she had complied with the conditions in the policy, *248 that she should submit to an examination undter oath touching any matters provided for by the policy, -and should furnish invoices, bills, or certified copies of same. Plaintiff in error contends that the burden of establishing the failure of insured to comply with this provision was matter of defense, and that it was not available in this case as a defense because the acts and conduct of the defendant company’s agent, as set forth in the statement of facts, amounted to a waiver; -and that the notice to submit to examination was inoperative, because no person was designated in said notice to conduct the examination.
We are of the opinion that the charge of the court properly stated the law. The right to examine the insured, if demanded, is distinctly provided for in the policy; and, by a fair construction of the policy, it is a condition precedent, and not -a condition subsequent. The former merely goes to the right of action; the latter is usually a proviso inserted by defendant, breach of which avoids or renders inoperative the policy.
“The condition precedent, performance of which the plaintiff is required to plead in an action on such a policy, includes only those affirmative acts which are necessary in order to perfect his right of .action on the' policy, such as giving notice and making proof of loss, furnishing the certificate of the magistrate when required by the policy, and it may be other ads of like nature. The conditions which provide that the policy shall become void or inoperative, or the insurer relieved wholly or partially from liability upon the happening of some event, or doing, or omitting to do some act, are matters of defense, and, to be available, must be pleaded and their breach alleged.” Syllabus 2, Moody v. Insurance Company, 52 O. S., 12; Milwaukee Mechanics Insurance Company v. Rusell, 65 O. S., 230.
In the case of Moody v. Insurance Company, the policy contained a provision that the company shall not be liable “for loss of damage in or on vacant or unoccupied buildings, unless consent for such vacancy or non-occupancy be endorsed.” Here, however, was a provision making the policy void. .Its vacancy was proven. And it was held that such a provision was a condition subsequent. The breach of such .a condition must be *249 established by the defendant. In the case at bar the provision requiring the insured to submit to an examination under oath is, it seems to us, an affirmative act to be performed by the plaintiff to perfect -her right of action, and is an act similar to submission to .appraisement, notice, proof of loss, and furnishing bills. - It certainly was never in contemplation of the parties that failure to comply with such a provision was such a breach as would render the policy void or inoperative. It is a reasonable provision for the purposes indicated, and it is one that the insured should, in all fairness, submit to. It is, then, a condition precedent (Clement on Fire Insurance, page 253, rule 4). And the burden was on the insured to show compliance with such condition. (Insurance Company v. Carnahan, 63 O. S., 258, at 268 et seq.)
Was there a waiver? Plaintiff claims that certain acts and conduct of defendant, as detailed in the facts herein, justified the insured in believing that an attempt on her part to perform would not be responded to by the company. This, it is claimed, is borne out by the special finding of the jury that there was a denial of liability. We think ¡the récord fails to show evidence sufficient to constitute a waiver. (See Insurance Company v. Carnahan, 63 O. S., 259).
And éven if it did, plaintiff, under the pleadings, was in no position to avail herself of it. Where a party seeks to recover on a contract of insurance, or any- other contract, and avers performance of all the conditions to be by him performed, as did the plaintiff herein, it is not competent, under such a pleading, to prove a waiver of such conditions (Eureka Fire & Marine Insurance Company v. Baldwin, 62 O. S., page 368). The' plaintiff positively averred “She had duly kept, observed and performed all the requirements and conditions contained in the said policy.” And she proved, or attempted to prove, a waiver. She ■alleged' á compliance, and proved' she did not comply. This can not be done. .The special verdict, therefore, was not inconsistent with the general verdict.
• Was the notice to the plaintiff to submit to the examination under oath inoperative? It fixed the time and place and the *250 person before whom it was to be taken—J. Louis Kohl, a notary public authorized to administer an oath. This was all that was required under the policy. The provision does not necessitate a certification to the insured' of the name of the person, or agent who is to conduct the examination. The notice states that the company desires to make the examination, and it is reasonable to suppose that this examination will be made through some duly authorized representative of the company. The purpose of stating the time, place and person before whom the examination is to be had is to enable the insured to understand, first, that the company means to have an examination; and, secondly, that he may know with definiteness when and' where and before whom that examination is to take place. The examination is recognized as the company’s examination. (See Clement on Insurance, note to rule 8, page 255). And when the plaintiff in this case found that the company, through its duly authorized', agent, wished to make the examination, it was 'her duty to answer.
J. J. Acornb and A. J. Cunningham, for plaintiff in error.
J. Hartwell Cabell, for defendant in error.
The fact that Mr. Cabell was the attorney for the company was again made known to plaintiff’s attorney by letter under date July 1, 1901; and further opportunity was. given after the first refusal to submit to this examination, but plaintiff refused to avail herself of this opportunity. It was not only her duty to submit to this examination, but it was incumbent on her to prove that she had done so.
For these reasons, we are of the opinion that the judgment below should be affirmed, with costs; and it is so ordered.